1 | **DAVID L. SMITH (SBN 201542)**
info@DLSLaw.com
2 | **LAW OFFICES OF DAVID L. SMITH**
1905 E. 17th Street, Suite 122
3 | Santa Ana, CA 92705
Tel.: (714) 280-8522
4 | Fax: (714) 542-4093

```
                          FILED
                  CLERK, U.S. DISTRICT COURT

                    12/23/2015

                  CENTRAL DISTRICT OF CALIFORNIA
                  BY:      GR       DEPUTY
```

5 | Attorney for Plaintiffs,
**BEACH MEDICAL SURGICAL CENTER, LLC;**
6 | **SUNSHINE MEDICAL CENTER, INC.; J.D.**
**MANAGEMENT SERVICES, LLC (dba SMS**
7 | **HEALTHCARE SOLUTIONS)**

8 | **CHRISTINE S. HWANG (SBN 184549)**
chwang@leonardcarder.com
9 | **LINDSAY R. NICHOLAS (SBN (273063)**
lnicholas@leonardcarder.com
10 | **LEONARD CARDER LLP**
1188 Franklin Street, Suite 201
11 | San Francisco, CA 94109
Tel.: (415)771-6400
12 | Fax: (415) 771-7010

**D. WARD KALLSTROM (SBN 76937)**
wkallstrom@seyfarth.com
**JONATHAN A. BRAUNSTEIN (SBN 227322)**
jbraunstein@seyfarth.com
**SEYFARTH SHAW LLP**
560 Mission Street, 31st Floor
San Francisco, CA 94105
Tel.: (415) 397-2823
Fax: (415) 397-8549

13 |
14 | Attorneys for Defendant,
**ILWU-PMA WELFARE PLAN**
15 |
16 |
17 |
18 |

**JOSEPH A. ESCAREZ (SBN 266644)**
jescarez@seyfarth.com
**M'ALYSSA MECENAS (SBN 272075)**
mmecenas@seyfarth.com
**SEYFARTH SHAW LLP**
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Tel.:   (310) 277-7200
Fax:   (310) 201-5219

19 | **UNITED STATES DISTRICT COURT**

20 | **CENTRAL DISTRICT OF CALIFORNIA**

21 |

22 | BEACH MEDICAL SURGICAL
23 | CENTER, LLC, a Nevada limited liability,
company; SUNSHINE MEDICAL
24 | CENTER, INC., a California corporation;
J.D. MANAGEMENT SERVICES, LLC, a
25 | California limited liability company, dba
26 | SMS HEALTHCARE SOLUTIONS
27 |          Plaintiffs,

Case No. 14-CV-01660-MWF-RAO

**STIPULATED PROTECTIVE ORDER RE PRODUCTION AND USE OF CONFIDENTIAL MATERIAL; ORDER**

Date Action Filed:    October 14, 2014

28 |

v.

INTERNATIONAL LONGSHORE AND
WAREHOUSE UNION; PACIFIC
MARITIME ASSOCIATION;
INTERNATIONAL LONGSHOREMEN'S
AND WAREHOUSEMEN'S UNION -
PACIFIC MARITIME ASSOCIATION
WELFARE PLAN; ILWU-PMA
COASTWISE INDEMNITY PLAN and
DOES 1 through 100

                    Defendants.

In the interest of ensuring an efficient and prompt resolution of the above entitled action and of protecting confidential information from improper disclosure, Plaintiffs Beach Medical Surgical Center, LLC, Sunshine Medical Center, Inc., and J.D. Management Services, LLC, dba SMS Healthcare Solutions (collectively "Plaintiffs") and Defendant ILWU-PMA Welfare Plan (the "Plan") (herein collectively referred to as the "Parties"), by and through their counsel of record, hereby stipulate to the following Protective Order, subject to approval and entry of order by the Court pursuant to Federal Rule of Civil Procedure 26(c):

1.    Definitions:

       a)    "Action" means the above-captioned case pending in this Court, including any related discovery, pretrial, trial, post-trial or appellate proceeding.

       b)    "Confidential Health/Identifying Material" shall mean Material (regardless of how generated, stored, or maintained) or tangible things that relate to or describe information supplied in any form, or any portion thereof, that identifies a Plan participant or beneficiary in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such

2

individual, the provision of health care to such individual, or the past, present, or future payment for the provision of health care to such individual.  Confidential Health/Identifying Material includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests for information or documentation related to a Plan participant or beneficiary, as well as any summaries or compilations of the information contained in these documents, to the extent that such summaries or compilations themselves include Confidential Health/Identifying Material. Confidential Health/Identifying Material is intended to encompass all documents or information regarding individuals subject to the Standards for Privacy of Individually Identifiable Health Information, 45 CFR parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act, or other similar statutory or regulatory privacy protections. Confidential Health/Identifying Material shall include, but is not limited to, records that contain any of the following participant, patient, or member identifiers:

(a)    Names;

(b)    all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

(c)    all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

(d)    telephone numbers;

(e)    fax numbers;

3

(f)     electronic mail addresses;

(g)     social security numbers;

(h)     medical record numbers;

(i)     health plan beneficiary numbers;

(j)     account numbers;

(k)     certificate/license numbers;

(l)     vehicle identifiers and serial numbers, including license plate numbers;

(m)     device identifiers and serial numbers;

(n)     web universal resource locators ("URLs");

(o)     internet protocol ("IP") address numbers;

(p)     biometric identifiers, including finger and voice prints;

(q)     full face photographic images and any comparable images; and

(r)     any other unique identifying number, characteristic, or code.

c)     "Confidential Business Material" shall mean Material (regardless of how generated, stored, or maintained) or tangible things that relate to or describe information supplied in any form, or any portion thereof, that reflect information of a proprietary business or confidential nature and which the Designating Person (including any Party, TC3, ICM, or Zenith) would not normally reveal to competitors, potential competitors or third parties or which the Designating Person (including any Party, TC3, ICM, or Zenith) would cause third parties to maintain in confidence, or documents and/or information that any of the Parties believe to constitute or contain trade secrets, proprietary information, confidential research, development, testing, or commercial information, or other similar information that warrants confidential treatment.  "Confidential Business Material" includes, but is not limited to: private or confidential data about specific

4

customers or employees, or former customers or employees of the Designating Party, the Designating Party's vendors, or other related entities; documents and/or information concerning aspects of the Designating Party, the Designating Party's vendors', or other related entities' business not known to the general public; documents and/or information concerning the relevant entity's policies, practices and/or procedures or other internal operational matters; documents and/or information concerning the relevant entity's finances except as generally available to the public; any other similar information concerning the relevant entity's business; and any summaries or compilations of the information contained in the aforementioned documents, to the extent that such summaries or compilations themselves include Confidential Business Material: all contracts and agreements between and among the Plan, Zenith, ICM, and TC3 with respect to welfare benefit servicing and claim handling in connection with claims for benefits of the sort asserted by Plaintiffs in this case; and all memoranda, correspondence, emails or other documents which reflect, refer or relate to any such contracts and agreements.

d)   "Confidential Material" shall mean Confidential Health/Identifying Material and/or Confidential Business Material.

e)   "Designating Person" shall refer to a Person (including a Party) that designates Material as "Confidential" under this Order.

f)   "Material" shall mean all documents, electronically stored information, testimony and discovery responses, including all copies, excerpts, and summaries thereof, relating to this case.

g)   "Order" shall refer to this Stipulated Protective Order.

h)   "Party" or "Parties" mean any party to this action, including all counsel and their support staff.

5

i)      "Person" shall refer to and include:

    (a)      all Parties to the Action; and

    (b)      any other person or entity receiving, producing or disclosing Material in the Action.

j)      "Plan" Shall refer to the ILWU-PMA Welfare Plan.

k)      "Producing Person" or "Producing Party" shall mean and refer to a Person (including a Party) that produces Material in the Action.

l)      "Receiving Person" or "Receiving Party" shall mean and refer to a Person (including a Party) that receives Material from a Producing Person or Producing Party.

m)      "TC3" shall refer to TC3 Health, Inc. and its employees, agents, representatives, attorneys, investigators, consultants, and experts, and any other person or entities acting on its behalf.

n)      "Zenith" shall refer to Zenith American Solutions and its employees, agents, representatives, attorneys, investigators, consultants, and experts, and any other person or entities acting on its behalf.

o)      "ICM" shall refer to Innovative Care Management, Inc. and its employees, agents, representatives, attorneys, investigators, consultants, and experts, and any other person or entities acting on its behalf.

2.      This Order shall govern the handling of all Confidential Material produced during the course of the Action voluntarily, or in response to any discovery request made pursuant to the Federal Rules of Civil Procedure, or as required or permitted by Court order.  The provisions of this Order shall apply to any Party to this Action or any other Person or entity that produces Confidential Material during the course of this Action.

3.      All Confidential Material shall be used only for purposes of preparing for and conducting the Action, including any appeals thereof, and shall not be used by the

STIPULATED PROTECTIVE ORDER RE PRODUCTION AND USE OF CONFIDENTIAL MATERIAL;
[PROPOSED] ORDER

Parties (other than the Producing Person) for any other purposes. The Court reserves the right to modify this Order for good cause shown.

4. All Material produced in the Action, if such Material contains Confidential Material, shall bear a stamp stating "Confidential" on each page of any such document or on a sticker affixed to any such tangible thing. In the case of electronically stored information produced in native format, the material may be designed by including "CONFIDENTIAL" in the file or directory name, or by affixing the CONFIDENTIAL legend or to the media containing the Material (e.g., CDROM, floppy disk, DVD). It shall be the responsibility of the Producing Person to cause all Confidential Material to be designated by the time such Confidential Material is disclosed.

5. Any copies, excerpts, summaries or other documents reflecting or referring to the substance or contents of Confidential Material shall be designated as Confidential in accordance with this Order.

6. Except as otherwise provided in this Order, all Confidential Material shall be subject to the following restrictions:

    a. The Confidential Material shall not be given, shown, made available or communicated in any way by any Receiving Person to anyone except those persons specified in subparagraph 6(b) below to whom it is necessary that such Confidential Material be given or shown for the purpose permitted under paragraph 3 above.

    b. Except as ordered by the Court, Confidential Material may be disclosed, for the purposes set forth in paragraph 3 above, only to a "Qualified Person," defined as follows and subject to the provisions set forth in paragraph 7 below:

        i. The Parties;

        ii. Counsel of record for each Party, including attorneys, clerical, paralegal, and other staff employed by such counsel, and including any outside vendors providing litigation support or

7

photocopying services, who are assisting in the conduct of the Action  (counsel's signature to this Stipulated Protective Order shall be deemed to fulfill all signature requirements of this Order for counsel and the represented Party).

iii.   Witnesses and their counsel (other than Parties) in connection with or at any interview, deposition or hearing in the Action, subject to paragraph 7 below;

iv.   Such consultants and experts retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action, subject to paragraph 7 below;

v.   The Court, court personnel, potential jurors, jurors, or alternate jurors; and

vi.   Court reporters and their employees used in connection with the conduct of the Action.

7.   Each Qualified Person described in subparagraph 6(b)(iii) or 6(b)(iv), above to whom Confidential Material is disclosed shall first be provided with a copy of this Order and advised that such Confidential Material is being disclosed pursuant to and subject to the terms of this Order and that the Confidential Material may not be disclosed other than pursuant to the terms hereof.  It shall be the responsibility of counsel providing access to each Person (other than the Producing Person) to whom Confidential Material is disclosed with a copy of this Order.  Counsel shall also cause each person described in subparagraph 6(b)(iii) or 6(b)(iv) above to execute a certificate in the form attached as Exhibit A to this Order prior to disclosing any Confidential Material and shall be responsible for holding the copy of the executed certificate.

8.   Subject to all provisions of this Protective Order (including those regarding the procedures for challenging a "Confidential Material" designation), information or testimony disclosed at a deposition (and all or part of any exhibits thereto) may be

designated as Confidential Material by the Person providing such testimony, by a Party, or by a Producing Person, if such Person either:

    a)     Identifies on the record at the deposition those portions of the testimony that are designated as Confidential Material; or

    b)     Provides written notification to all Parties within 30 calendar days of receipt of the transcript of the deposition specifying those pages and lines of the transcript, and those portions of deposition exhibits, that are designated as Confidential Material.

9.     In the event it becomes necessary at a deposition or hearing to show any Confidential Material to a witness, as described in subparagraph 6(b), above, any testimony related to the Confidential Material shall be deemed to be Confidential Material, and the pages and lines of the transcript that set forth such testimony shall be stamped as set forth in paragraph 4 of this Order.

10.     Each Producing Person shall have 20 business days from the date another Person actually receives any Material to designate any such Material as "Confidential." During this 20-business day period, any Person receiving any such Material shall treat that Material as "Confidential" under the terms of this Order.

11.     Any Party may designate as "Confidential" any document that is produced or disclosed without such designation by any third party, within ten (10) business days of production of such document (or such other time as may be agreed), provided that such document contains Confidential Material of a designating Party and was given to the non-Party on a confidential basis.

12.     Material that has been designated "Confidential" by this Order, by any Party or by any Producing Person shall not be filed, independently or as an attachment or exhibit to any other document, in the public court file unless redacted to remove all Confidential Health/Identifying Material or Confidential Business Material from the filed document, or except as provided in Civil Local Rule 79-5 and the Honorable Michael Fitzgerald's Procedures and Schedules. In other words, so long as all Protected Health

9

Information ("PHI") and any other private and Confidential Material has been redacted, the Parties need not file motions to seal.

13.     No Party concedes that any Material designated by any other Person as Confidential Material does in fact contain or reflect confidential information or has been properly designated as Confidential Material. There shall be no prejudice to the right of a Party to seek a determination by the Court of whether any particular document or information should be subject to the terms of this Order.

14.     Unless a prompt challenge to a Designating Person's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

15.     Meet and Confer. A Party that elects to initiate a challenge to a Designating Person's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice or face to face dialogue; other forms of communication are not sufficient) with counsel for the Designating Person.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Person an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation within five business days of the date the challenging Party explains its belief that the confidentiality designation was not proper. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

16.     Judicial Intervention.  A Party who elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Person may file and serve a motion under Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5 and the Honorable Michael Fitzgerald's Procedures and Schedules, if applicable) that identifies the challenged material and sets forth in detail the basis for

the challenge. Each such motion must be accompanied by a competent declaration that sets forth with specificity the justification (if any) for the confidentiality designation that was given by the Designating Person in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Person. *Phillips ex rel. Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Person's designation.

17.     Subject to paragraph 3 above, should any non-Party seek access to the Confidential Material, by request, subpoena, or otherwise, then the recipient of the Confidential Material from whom such access is sought, as applicable, shall promptly notify the Producing Person who produced such Confidential Material of such requested access.  If any Receiving Person (a) is subpoenaed in another action, (b) is served with a demand in another action to which he/she or it is a party, or (c) is served with any other legal process by one not a party to this Action seeking Material which was produced and designated as Confidential Material, the Receiving Person shall give prompt, written notice, by hand, e-mail, or facsimile transmission, preferably within ten (10) business days of receipt of such subpoena, demand or legal process, to those who produced and/or designated the Material.  The Receiving Person shall not produce any of the Producing Person's Confidential Material, unless ordered by a court to do so, until the later of (i) at least ten (10) business days after providing the required notice to the Producing Person, or (ii) the date of production specified in, or required by, the subpoena, demand or other legal process.  The Producing Person shall be solely responsible for asserting any objection to the requested production.

18.     This Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of the Action, including any appeals.  However, when offered in evidence at trial, Confidential Material will become available to the public, unless sufficient cause is shown in advance of the scheduled trial date to proceed otherwise.  In order to permit a Designating Person to

11

assess whether to move the Court for additional protection, and if appropriate to file a timely motion, the proponent of the evidence must give notice of intent to introduce the evidence to counsel for the Designating Person at least thirty (30) calendar days before trial.  Any party may then move the Court in advance of the trial for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure pursuant to applicable federal and local rules. The Court will determine whether the proffered evidence should continue to be treated as Confidential Material and, if so, what protection may be afforded to such Material at trial.

19.     Within thirty (30) calendar days after receiving notice of entry of an order, judgment or decree terminating this action and after the conclusion of any appeal, all Confidential Material, copies thereof and documents reflecting the Confidential Material (other than materials contained in the court's unsealed/non-sealed records) shall be destroyed by the Receiving Party or Receiving Person.

20.     The Court retains jurisdiction for a period of six (6) months after termination of this Action, to enforce the terms of this Order to make such amendments, or additions to this Order as it may from time to time deem appropriate or may be appropriate upon a motion by any Party.

21.     The protection of Confidential Health/Identifying Material and Confidential Business Material at trial will be addressed in the pre-trial order.

22.     When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties include those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), and encompass all later created excerpts, summaries, compilations, and other documents or records that include, communicate or reveal the information claimed to be privileged or protected.

23.     Nothing herein shall be deemed to waive or limit any applicable privilege or work product or other protection, or to affect the ability of a party to seek relief for the disclosure of information protected by privilege or work product protection, regardless of

12

the steps taken to prevent disclosure.  Regardless of the steps taken to prevent disclosure, if a party produces information that it discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that information will not constitute a waiver of any applicable privileges or other protection, and the Receiving Party may not argue that the Producing Party failed to take reasonable steps to prevent production of the privileged or protected materials.  In such circumstances, the Producing Party must notify in writing the Receiving Party of the production and the basis for the privilege or other protection, and request in writing the return or treatment of the produced privileged or protected information consistent with Federal Rule of Civil Procedure 26(b)(5)(B).

24.    In the event that the Receiving Party discovers that it has received either attorney-client privilege or work-product protected documents, it shall bring that fact to the attention of the Producing Party immediately upon that discovery. Upon the request of the Producing Party, the Receiving Party will promptly disclose the names of any individuals who have read or have had access to the attorney-client privilege or work-product protected document.

25.    In the event that any party discovers that any Confidential Material has been disclosed to any person not entitled under this Protective Order to receive such information, the Producing Party, upon discovering the unauthorized disclosure, shall immediately (a) inform the other party of the circumstances of the disclosure; (b) inform the receiving person or entity of the existence and terms of this Protective Order; (c) make its best efforts to retrieve any unauthorized disclosed documents or Materials; and (d) make its best efforts to obtain an undertaking in the form attached hereto from the person who was not entitled to receive such information. Such unauthorized disclosure shall not cause the disclosed information to lose its confidential status.

26.    The inadvertent failure to designate information under this Stipulated Protective Order prior to or at the time of disclosure shall not operate as a waiver of the Producing Party's right to designate such information under this Order so long as such

1   Party takes steps to correct the designation of such information within a reasonable time
2   and as set forth in paragraph 4.
3          In the event that Confidential Material is designated as Confidential after
4   production, the Receiving Party shall employ reasonable efforts to ensure that any
5   inadvertently disclosed information is subsequently treated as required pursuant to the
6   terms of this Order.
7          **All other signatories listed, and on whose behalf the filing is submitted, have**
8   **authorized the filing.**
9          **IT IS SO STIPULATED.**
10
11  DATED: December____, 2015    Respectfully submitted,
12                              **LAW OFFICES OF DAVID L. SMITH**
13
14                              By:_____
                                    David L. Smith
15
16                                  Attorney for Plaintiffs
                                    Beach Medical Surgical Center, LLC; Sunshine
                                    Medical Center, Inc.; J.D. Management Services,
17                                  LLC (dba SMS Healthcare Solutions)
18  DATED: December____, 2015    **SEYFARTH SHAW LLP**
19
20                              By:_____
                                    D. Ward Kallstrom
21                                  Jonathan A. Braunstein
                                    Joseph A. Escarez
22                                  M'Alyssa B. Mecenas
23                                  Attorneys for Defendant
24                                  ILWU-PMA Welfare Plan
25
26
27
28

STIPULATED PROTECTIVE ORDER RE PRODUCTION AND USE OF CONFIDENTIAL MATERIAL;
[PROPOSED] ORDER

1   DATED: December_____, 2015   **LEONARD CARDER LLP**

2

3                                     By:_____

4                                          Christine S. Hwang
                                           Lindsay R. Nicholas
5                                          Nicole E. Teixeira

6                                          Attorneys for Defendant
                                           ILWU-PMA Welfare Plan

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER RE PRODUCTION AND USE OF CONFIDENTIAL MATERIAL;
[PROPOSED] ORDER

1

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3    DATED:  December 23, 2015

_Rozella A. Oliver_

The Honorable Rozella A. Oliver
U.S. Magistrate Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

# **EXHIBIT A**

I, _____, am employed as _____ (title) by _____ (employer), and I hereby certify that:

1. I have been provided with a copy of the Protective Order re: Production and Use of Confidential Material in the action captioned *Beach Medical Surgical Center, LLC, et al. v. International Longshore & Warehouse Union, et al.*, Case No. 14-CV-01660-MWF-RAO.

2. I have read the Protective Order re: Production and Use of Confidential Material and understand its terms.

3. I agree to be bound by the terms and conditions of the Protective Order re: Production and Use of Confidential Material entered in the above-captioned action.

4. I understand that my failure to abide by the terms of the Protective Order re: Production and Use of Confidential Material entered in the above-captioned action will subject me, without litigation, to civil and criminal penalties for contempt of Court.

5. I consent to the jurisdiction of the United States District Court for the Central District of California in connection with any proceedings relating to the Protective Order.

6. I made this certificate this _____ (day) of _____ (month), _____ (year).

_____
(SIGNATURE)

17

STIPULATED PROTECTIVE ORDER RE PRODUCTION AND USE OF CONFIDENTIAL MATERIAL;
[PROPOSED] ORDER